IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
16 NOV -4 PM 2:47
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

JAMES RAY WILLIS,
        Movant,

-vs-

UNITED STATES OF AMERICA,
        Respondent.

Case No. A-16-CA-992-SS
[No. A-97-CR-48(1)-SS]

**ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant James Ray Willis (Willis)'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#50], the Government's Response [#53], and Willis's Reply [#56]. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

**Background**

On April 11, 1997, Willis entered a plea of guilty to counts one and two of a two-count information: bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (count one), and interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (count two). On June 27, 1997, this Court sentenced Willis to a 235-month term of imprisonment on count one and a 188-month term of imprisonment on count two (to be served concurrently), followed by a 5-year term of supervised release on count one and a 3-year term of supervised release on count two (to be served concurrently). This Court also ordered Willis to pay restitution in the amount of $5,270 and a mandatory $200 assessment fee. The judgment confirming Willis's conviction and sentence was signed on July 1, 1997. Willis did not a file a direct appeal.

On October 22, 2015, Willis completed his 235-month sentence in the Federal Bureau of Prisons (BOP). At the time of his release from BOP, he still had to complete a state sentence, four concurrent 55-year aggravated sentences. Willis was therefore transferred into the custody of the Texas Department of Criminal Justice (TDCJ) to serve the remainder of his time. Willis will be eligible for parole in 2024 and will complete his maxim state sentence in 2051. Willis's term of federal supervised release is tolled until he finishes his state sentence.

Willis mailed the instant § 2255 motion August 10, 2016, and it was filed on August 19, 2016. The Government responded on September 26, 2016, and Willis filed a reply on October 17, 2016. The motion is now ripe for decision.

## Analysis

In his § 2255 motion, Willis asks the Court to either set aside, correct, or vacate his term of supervised release, order the United States Marshals Service (USMS) to remove the federal retainer against him,[1] or revoke supervised release and return him to the BOP. The Court construes Willis's § 2255 motion as raising the following grounds for relief: (1) the tolling of his federal supervised release until the end of his imprisonment with TDCJ is an unlawful extension of his federal sentence; (2) his guilty plea was involuntary; and (3) his counsel was ineffective in failing to inform him the supervised release would not begin until after release from TDCJ. All three of these claims stem from Willis's declaration he only recently learned his federal supervised release would be tolled until the end of his imprisonment with TDCJ. According to Willis, he pled guilty under the impression his

---

[1] The Court contacted the USMS to investigate if a federal retainer against Willis still existed. The USMS corresponded with TDCJ, which verified the federal retainer had been removed. Thus, Willis's request the Court order the removal of the federal retainer is moot.

federal supervised release would run concurrently with his state sentence and would not have pled guilty otherwise.

## I.   Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for filing a § 2255 motion. 28 U.S.C. § 2255(f). Specifically, § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

## II.   Application

Willis's claims are time-barred. The record does not reflect any unconstitutional governmental action impeded Willis from filing for federal habeas corpus relief before the limitations period expired. *See* 28 U.S.C. § 2255(f)(2). Nor do any of the claims raised by Willis concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2255(f)(3).

Although Willis argues he only recently became aware of the fact his supervised release would be tolled until after he completes his state sentence, Willis offers no reason why this fact could

not have been discovered "through the exercise of due diligence" within the one-year limitation period. *See id.* § 2255(f)(4). Willis has alleged no facts indicating he was without access to information concerning his sentences or the resources to understand them. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day a person is released from imprisonment . . . . [It] does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime . . . ."). Accordingly, Willis's ability to claim improper sentence, involuntary plea, and ineffective assistance of counsel through a § 2255 motion is governed by subsection (1) of § 2255(f). *See id.* § 2255(f)(1).

Because a direct appeal was not made in this case, the one-year statute of limitations began to run when the judgment of the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Willis's conviction became final on July 11, 1997, 10 days after this Court signed the judgment in his case.[2] Willis then had until July 11, 1997, to file his § 2255 motion. But Willis did not execute his motion until August 10, 2016, more than 9 years after the AEDPA's limitations period expired. Consequently, Willis's claims are barred by the AEDPA's statute of limitations.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing § 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

---

[2] When Willis was sentenced in 1997, Rule 4(b)(1)(a) of the Federal Rules of Appellate Procedure required defendants to file a notice of appeal within 10 days of either the judgment or the order being appealed. *See* Fed. R. App. P. 4(b)(1)(a), advisory committee's note to 2009 amendments. This rule was amended to extend the deadline to 14 days in 2009. *Id.*

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The United States Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Willis's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

### Conclusion

Accordingly,

IT IS ORDERED that Movant James Ray Willis's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#50] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 4th day of November 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE